UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
AT SEATTLE

BOILING CRAB FRANCHISE CO., LLC,

                Plaintiff,

    v.

THE BOILING SEAFOOD LLC,

                Defendant.

Case No. 6:25-cv-1626 (AMN/ML)

STIPULATION AND [PROPOSED] PERMANENT INJUNCTION

Plaintiff Boiling Crab Franchise Co., LLC ("Boiling Crab") and Defendant The Boiling Seafood LLC ("Defendant") hereby stipulate and agree through their respective counsel of record as follows:

WHEREAS Boiling Crab is the owner of common law rights in the marks THE BOILING CRAB, BOILING CRAB, and EAT WITH YOUR HANDS both with and without various stylizations and designs, and United States Trademark Registration Nos. 3,256,219, 4,174,077, 4,491,054, 5,374,534, and 8,003,003 for the same in connection with restaurant services in International Class 43 (collectively, the "Boiling Crab Marks"), as defined more fully in the Complaint filed in this action, ECF No. 1 (the "Complaint");

WHEREAS Boiling Crab is also the owner of certain original works of authorship, defined more fully in the Complaint as the Original Hands Image and Original Oyster Image, as well as U.S. Copyright Registrations Nos. VA 2-462-646 and VA 2-463-673 for the same (collectively, the "Boiling Crab Works");

WHEREAS Boiling Crab and its affiliates and licensees operate offer restaurant services and related products and services under the Boiling Crab Marks and use the Boiling Crab Works in connection with the advertising and promotion of the same;

WHEREAS Defendant operates a restaurant in Utica, New York featuring Cajun-influenced, Louisiana-style seafood dishes;

WHEREAS Plaintiff alleges that beginning in approximately November 2024, Defendant began using the marks THE BOILING SEAFOOD and EAT WITH YOUR HANDS, both with and without various stylizations and designs, as well as works of authorship incorporating and/or derivative of the Boiling Crab Works, in connection with the offer, sale, advertising and promotion of Defendant's restaurant services;

WHEREAS Boiling Crab filed this action against Defendant on November 20, 2025, asserting claims for trademark infringement, unfair competition, false advertising, cybersquatting, and copyright infringement;

WHEREAS, pursuant to the terms of a written Settlement Agreement executed by the Parties, effective March 23, 2026 ("Settlement Agreement"), the Parties entered into this stipulation and agreed to jointly request that the Court enter the permanent injunction provided below;

WHEREAS the Parties further agreed in the Settlement Agreement, as more fully described therein, to jointly execute and file with the Court a stipulation of dismissal of this action with prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, which stipulation for dismissal with prejudice will request that this Court retain jurisdiction to the maximum extent permitted by law to enforce the terms of this stipulated injunction and the Parties' Settlement Agreement, within ten (10) business days after notice of entry by the Court of this stipulated injunction;

WHEREAS, upon entry of this Stipulation and Permanent Injunction by the Court, the Parties' stipulations herein shall become an order of this Court permanently enjoining Defendant as stipulated herein;

NOW, THEREFORE, by and through their undersigned counsel of record, , the Parties hereby stipulate and agree as follows:

1.    The Boiling Crab is the owner of the Boiling Crab Marks.

2.    The Boiling Crab is the owner of copyright in the Boiling Crab Works.

3.    Defendant and its affiliates, officers, directors, agents, employees, and all those acting in concert or participation with any of them, shall not use, and are hereby permanently enjoined from using (including on websites, blogs, social media, signage, menus, advertising, etc.), whether in English or the translated equivalent in another language:

a.    any mark, name, phrase, logo, title or other designation (or any combination thereof) that is identical or confusingly similar to or a colorable imitation of, Boiling Crab's Boiling Crab Marks, including but not limited to "The Boiling Seafood";

b.    any domain name or social media handle that incorporates the Boiling Crab Marks, or marks, names, phrases, logos, titles, and/or designations that are identical, confusingly similar to, or a colorable imitation of the Boiling Crab Marks, including but not limited to the domain name <theboilingseafood.com>;

c.    any metadata tags embedded in the coding for Defendant's website(s) that incorporates Boiling Crab Marks or marks, names, phrases, logos, titles,

and/or designations that are identical, confusingly similar to, or a colorable imitation of the Boiling Crab Marks; or

d.  any use of the phrase "boiling crab," "boiling crawfish," "boiling seafood" or any other combination of "boiling" followed immediately by a term that refers to a crustacean, to refer to a type or method of cooking, a type or category of cuisine, dish or menu item;

e.  any image, photo, graphic or other work of authorship incorporating or derivative of the Boiling Crab Marks or the Boiling Crab Works.

4.  For the avoidance of doubt, nothing in this Stipulation and Permanent Injunction shall prohibit or preclude Defendant from: (i) making truthful and accurate fair use of the phrase "seafood boil" so long as TBS otherwise complies with the restrictions set forth in Paragraph 3 or (ii) continuing to make non-public facing use of The Boiling Seafood LLC as its entity name.

5.  Defendant shall be permitted a sixty (60) day grace period, starting on March 23, 2026 and ending on May 22, 2026 (the "Phase-Out Period"), to bring itself into full compliance with its obligations under Paragraph 3, above, and to remove all prohibited uses, references and content, including from Defendant's signage, menus, packaging, promotional materials, collateral, website(s), and all social media accounts and pages maintained by Defendant.

6.  Should Defendant become aware that it will not be able to bring itself into full compliance with its obligations under Paragraph 3, above, within the Phase-Out Period due to good faith delays in vendor performance, the receipt of government approvals, permitting, or licensing, or other reasons that are outside of Defendant's control, Defendant shall promptly provide notice to Boiling Crab of the obligations it will be unable to complete and the reasons for same and request consent to an extension of time of no more than forty-five (45) additional days

to complete the obligations, which consent Boiling Crab shall not unreasonably withhold, and the Parties shall jointly file an application with the Court for modification of the Phase-Out Period, subject to the Court's consent and approval.

7.      Within sixty (60) days of the expiration of the Phase-Out Period, as set herein or as modified by subsequent order of the Court, Defendant shall take all steps necessary to transfer to Boiling Crab all right, title and interest in and to the domain name <theboilingseafood.com>, including all registrations thereof.

8.      Defendant shall not assist, aid, or abet any other person or entity in engaging in or performing any of the activities prohibited by this stipulated injunction.

The Court hereby retains jurisdiction, to the maximum extent permissible by law, to enforce the terms of this Stipulation and Permanent Injunction after the Parties' stipulation of dismissal with prejudice is filed and entered by this Court.

IT IS SO STIPULATED AND AGREED.

Dated: March 30, 2026

DAVIS WRIGHT TREMAINE LLP

By: /s L. Danielle Toaltoan/

L. Danielle Toaltoan
1251 Avenue of the Americas
21st Floor
New York, NY 10020
Tel. 212.603.6463
Email: danielletoaltoan@dwt.com

Steven E. Klein, (*admitted pro hac vice*)
560 SW 10th Avenue, Suite 700
Portland, OR 97205
Tel: 503.778.5283
E-mail: stevenklein@dwt.com

*Attorneys for Plaintiff*
*Boiling Crab Franchise Co., LLC*

LEXERO LAW

By: *Eric Menhart*

    Eric Menhart, Esq.
80 M St. SE, Suite 100
Washington, DC 20003
Tel: 855.453.9376 Ext. 101
Email: eric.menhart@lexero.com

*Attorneys for Defendant*
*The Boiling Seafood LLC*


IT IS SO ORDERED.


_____
Date

_____
Hon. Anne M. Nardacci
United States District Judge

Doc ID: 63280c3c86de3181b9e62a4626a9cc600e8fef74